**BOGIATZIS v. HALL et al.**

No. 6386.

United States Court of Appeals
Fourth Circuit.

Argued April 2, 1952.

Decided April 3, 1952.

Burt M. Morewitz and J. L. Morewitz, Newport News, Va. (Morewitz & Morewitz, Newport News, Va., on brief), for appellant.

Abraham Scharf, Naturalization Examiner, U. S. Immigration and Naturalization Service, New York City (A. Carter Whitehead, U. S. Atty., Richmond, Va., and Charles R. Dalton, Jr., Asst. U. S. Atty., Norfolk, Va., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal in a habeas corpus case by one of the foreign seamen who were before us in Kokoris v. Johnson, 4 Cir., 180 F.2d 355. The appellant had been ordered deported by immigration officers in a proceeding which did not comply with the requirements of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., and the District Judge upheld the order of deportation on the ground that the Administrative Procedure Act had no application. Yiakoumis v. Hall, D.C., 83 F.Supp. 469, 471. We reversed that decision on the authority of Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, and remanded the case for

662

further proceedings not inconsistent with the holding of the Supreme Court in that case. Upon remand the District Judge entered an order cancelling the bail bond of appellant, releasing him from the force and effect of the order of deportation and dismissing the case as moot because appellant had already departed from this country and was beyond the jurisdiction of the court.

We think that the dismissal on the ground that the case had become moot was correct. U. S. ex rel. Innes v. Crystal, 319 U.S. 755, 63 S.Ct. 1164, 87 L.Ed. 1708; Ex parte Endo, 323 U.S. 283, 304, 65 S. Ct. 208, 89 L.Ed. 243; Ahrens v. Clark, 335 U.S. 188, 193, 68 S.Ct. 1443, 92 L.Ed. 1898. It is argued that the petition for habeas corpus was in effect a petition to review the proceedings before the immigration officials; but even if it be given that effect, full relief was accorded appellant in the order which in effect held the order of deportation to be void. That there may be no misunderstanding as to the effect of the order, however, it will be modified so as to hold directly that the order of deportation was void because violative of the provisions of the Administrative Procedure Act and as so modified it will be affirmed.

Modified and affirmed.